UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 14-454 DMG (RZx)** | Date | August 5, 2014 |
|---|---|---|---|
| Title | *Meribear Productions, Inc. v. Lisa Vail, et al.* | Page | 1 of 13 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE DEFENDANTS' MOTION TO DISMISS [DOC. # 19]**

On January 30, 2014, Plaintiff Meribear Productions, Inc. d/b/a Meridith Baer Home ("MBH") filed the operative First Amended Complaint ("FAC"). [Doc. # 14.] The FAC alleges the following causes of action: (1) common law misappropriation; (2) misappropriation in violation of Cal. Civ. Code § 3344(a); (3) violation of the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*; (4) violation of the California False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500 *et seq.*; (5) violation of the Lanham Act, 15 U.S.C. § 1125(a); and (6) declaratory relief. (FAC ¶¶ 22-52.)

On March 13, 2014, Defendants Lisa Vail and Lisa Vail Design filed a motion to dismiss. [Doc. # 19.] On April 8, 2014, MBH filed an opposition. [Doc. # 22.] On April 12, 2014, Defendants filed a reply. [Doc. # 25.] The Court took the motion under submission because it deemed the matter suitable for decision without argument. [Doc. # 31.] Having carefully considered the written submissions in support of and in opposition to the motion, the Court hereby renders its decision. For the reasons set forth below, Defendants' motion to dismiss is **GRANTED in part** and otherwise **DENIED** as moot.

## I.
## FACTUAL BACKGROUND[1]

MBH is a "high end" interior design company that also offers professional "home staging" and "luxury leasing" services. (FAC ¶ 13.) MBH is the subject of a reality television

---

[1] The Court assumes the truth of well pleaded factual allegations in the Complaint solely for the purpose of deciding the motion to dismiss. The Court does not consider the declaration and exhibit Defendants filed in support of their motion as a court generally may not consider evidence outside the pleadings on a Rule 12(b)(6) motion to dismiss and Defendants have not demonstrated that any of the exceptions to the general rule apply. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (discussing general rule); *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001) (discussing exceptions).

show called "Staged to Perfection," and it is well known in the field of interior design. (*Id.* ¶¶ 13-14.) Meridith Baer is the Chief Executive Officer ("CEO") of MBH. (*Id.* ¶ 2.)

In approximately 2002, Vail began working for MBH as an independent contractor. (*Id.*) Vail did "staging" work for MBH, which entails: (1) looking at a property MBH has been hired to stage; (2) tagging items from MBH's inventory to place in the property; (3) directing MBH employees as to how to place the items in the property; (4) ensuring that the "placed" items are photographed; and (5) "do[ing] a written list." (*Id.* ¶ 16.) In her capacity as a stager for MBH, Vail appeared in some episodes of "Staged to Perfection." (*Id.*) MBH ended its business relationship with Vail in July 2012. (*Id.* ¶ 17.)

On an unspecified date, Vail created her own design company, LVD, which operates the website lisavaildesign.com. (*Id.* ¶ 18.) Shortly after MBH ended its business relationship with Vail, CEO Baer discovered that Vail was using photographs of MBH design work on lisavaildesign.com and other websites. (*Id.* ¶¶ 17-20.) The photographs depicted staging jobs that Vail had installed for MBH, as well as MBH furnishings and other design pieces created or purchased by Baer and MBH. (*Id.* ¶¶ 19-20.) MBH demanded that Vail remove the images, and sent Vail and LVD a cease and desist letter on or about October 15, 2013. (*Id.* ¶ 21.) When Vail refused to remove the images, the instant action ensued. (*Id.* ¶¶ 4, 21.)

## II.
## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires a pleading that states a claim for relief contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). While a pleading need not contain "detailed factual allegations," it must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)). The pleading must articulate "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

Under Rule 12(b)(6), a party may seek dismissal of a claim for failure to state a claim upon which relief can be granted. A court may grant such a dismissal only where the pleading party fails to present a cognizable legal theory or to allege sufficient facts to support a cognizable legal theory. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a pleading, as discussed *supra*, courts generally must

accept all factual allegations as true. Legal conclusions, in contrast, are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (citing *Twombly*, 550 U.S. at 555).

Should a court dismiss certain claims, it must also decide whether to grant leave to amend. "Courts are free to grant a party leave to amend whenever 'justice so requires,' and requests for leave should be granted with 'extreme liberality.'" *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 972 (9th Cir. 2009) (citation omitted) (quoting Fed. R. Civ. P. 15(a)(2)); *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)). "Leave to amend should be granted unless the district court 'determines that the pleading could not possibly be cured by the allegation of other facts.'" *Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009) (quoting *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*en banc*)); *see also Vess*, 317 F.3d at 1108 ("As with Rule 12(b)(6) dismissals, dismissals for failure to comply with Rule 9(b) should ordinarily be without prejudice.").

## III.
## DISCUSSION

### A.    MBH Fails to State a Cause of Action Under Section 43(a) of the Lanham Act

Defendants contend that MBH's Lanham Act claim is barred by the Supreme Court's opinion in *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 123 S. Ct. 2041, 156 L. Ed. 2d 18 (2003), or, in the alternative, preempted by the Copyright Act . (Mot. at 21-24, 30.)

In *Dastar*, the Supreme Court considered whether Section 43(a) of the Lanham Act prevents the unaccredited copying—"in effect, plagiarism"—of a work. 539 U.S. at 25, 36. The defendant copied and modified a television series called *Crusade in Europe*, and manufactured and sold the new version of the series as its own product. *Id.* at 25-27. The defendant made no reference to the original series in its advertising. *Id.* at 27. Fox, which owned the copyright to the original series, had allowed its copyright to expire, leaving the original series in the public domain before the defendant produced its new version of the series.[2] *Id.* at 26. The plaintiffs alleged a Section 43(a) claim against the defendant on the ground of "reverse passing off" or

---

[2] Fox subsequently reacquired the television rights in the book that was the basis for the original series, including the exclusive right to distribute the original series. *Id.* at 25-26. It licensed the right to distribute the original series to additional parties. *Id.* at 26. Fox and the licensees of the right to distribute the original series brought the action against the defendant. *Id.* at 27.

"reverse palming off," that is, misrepresenting someone else's goods or services as one's own.[3] *Id.* at 27 & n.1. The trial court granted summary judgment to the plaintiffs on their Section 43(a) claim, and the Ninth Circuit affirmed. *Id.* at 27-28.

The Supreme Court reversed, holding that the Lanham Act could not support the plaintiffs' claim. *Id.* at 29-38. The *Dastar* Court noted that Section 43(a) of the Lanham Act "goes beyond trademark protection" and creates a federal remedy "against a person who used in commerce either 'a false designation of origin, or any false description or representation' in connection with 'any *goods or services*.'" *Id.* at 29 (quoting 60 Stat. 441) (emphasis added). Noting that the wording of the statute limited its application to only certain unfair trade practices, the Court found that the question before it was the meaning of the "origin of goods," as used in Section 43(a). *Id.* at 29-31 (internal quotation marks omitted). The *Dastar* Court held that "origin of goods" refers to "the producer of the *tangible product* sold in the marketplace"—i.e., in *Dastar*, the physical videotape of the original series. *Id.* at 31-32. "Origin of goods" in Section 43(a) could not refer to "the person or entity that originated the *ideas or communications* that 'goods' embody or contain." *Id.* at 32 (emphasis added).

The *Dastar* Court recognized that in the case of "communicative products"—that is, products valued "not primarily for [their] physical qualities, . . . but for the intellectual content that [they] convey[ ]," purchasers are interested not merely in the "origin" of the tangible good, but also in the creator of the intellectual content. *Id.* at 33-34. Nonetheless, the Court held that the "origin of goods" language of Section 43(a) could not be stretched to encompass creators of intellectual content because to do so would bring the Lanham Act into conflict with the law of copyright. *Id.* at 33. The Lanham Act was not designed to protect originality or creativity, while the copyright and patent laws were expressly designed for this purpose. *Id.* at 34, 37. Indeed, copyright and patent law created a "carefully crafted bargain, under which once the patent or copyright monopoly has expired, the public may use the invention or work at will and without attribution." *Id.* at 33-34 (internal quotation and citation omitted). To broadly read the "origin of goods" language in Section 43(a) of the Lanham Act, the *Dastar* Court held, would create a species of "mutant copyright law" that perpetually limited the public's federal right to copy and to use expired copyrights." *Id.* at 34, 37 (internal quotations and citation omitted). Thus, while the defendant in *Dastar* could not simply sell the tangible product—i.e., the video with its original title and packaging—without violating Section 43(a), any claim that the defendant appropriated the ideas, concepts, and communications embodied in the tangible good had to be brought under copyright law. *Id.* at 36-37.

---

[3] In contrast, "passing off" refers to "when a producer misrepresents his goods or services as someone else's." *Id.* at 27 n.1.

*Dastar* controls this case.  MBH's Section 43(a) claim is premised on the theory that Defendants essentially plagiarized MBH's design work by presenting it as Vail's work.  Vail allegedly did so by displaying photographs on her website of MBH's design work.  While photographs—like the copies of the original series in *Dastar*—are arguably tangible goods,[4] MBH is concerned about the intellectual content embodied in the photographs, that is, the original and creative selection and placement of furniture and other design elements.

MBH's contrary reading of *Dastar* is unpersuasive.  (*See* Opp'n at 20-21.)  MBH argues that *Dastar* only applies where a defendant takes an original work and modifies it before presenting the work as her own.  (*Id.*)  MBH relies on a single sentence in *dictum* of *Dastar* in which the Court noted that a Section 43(a) claim "would undoubtably be sustained if [the defendant] had bought some of New Line's Crusade videotapes and merely repackaged them as its own."  *Dastar*, 539 at 31.  MBH contends that "Vail simply copied the pictures of the interior design staging and wholesale replicated them on her website, in effect 'merely repackaging them as her own.'"  (Opp'n at 21.)  MBH's argument would be persuasive if its Section 43(a) claim were predicated on Vail's presentation of the origin of *tangible goods* as her own.  For example, if Vail had gone to MBH's gift shop and purchased a photograph of MBH's work, and then sold the photograph as her own, she would be reverse passing off MBH's tangible good.  But, MBH's claim is entirely predicated on the *ideas embodied in the photographs*, not any tangible goods.  (*See, e.g.* Opp'n at 5 ("MBH does not allege that the picture is the source of the misappropriation—MBH is concerned with the way the room was staged and designed and the picture simply reflects that.")  Thus, MBH's Section 43(a) claim concerns who has the right to copy the design *ideas*, and the "origin of goods" language in Section 43(a) does not reach that far.

In light of the foregoing, Defendants' motion is **GRANTED** insofar as it argues that the Section 43(a) claim is barred by *Dastar*.

---

[4] At least one district court has held that *Dastar* precludes any Section 43(a) claim based on the "origin" of a photograph because a photograph is a "communicative product."  *Agence France Presse v. Morel*, 769 F. Supp. 2d 295, 307 (S.D.N.Y. 2011).  Given *Dastar*'s statement in *dictum* about videotapes in that case, the *Morel* court appears to overread *Dastar*.  Nonetheless, in this case, it is a distinction without a difference.  There is no allegation in the FAC that MBH owns and seeks to enforce the copyrights in the photographs.  Indeed, MBH apparently concedes that it does not own copyrights to the photographs.  (*See* Opp'n at 1-2.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 14-454 DMG (RZx)** | Date | August 5, 2014 |
|---|---|---|---|
| Title | *Meribear Productions, Inc. v. Lisa Vail, et al.* | Page | 6 of 13 |

**B.     The Court Has Jurisdiction Over MBH's State Law Claims to the Extent They are Preempted by the Copyright Act**

Defendants also move to dismiss MBH's remaining claims that are asserted under the Declaratory Judgment Act and state law.  Defendants removed this action from Los Angeles County Superior Court on the basis of federal question jurisdiction pursuant to 28 U.S.C. 1331, 1446.[5]  [Doc. # 1.]  The Court has dismissed MBH's only federal claim, *supra*.  Based on the allegations in the FAC, there is no basis for diversity jurisdiction.  (*See* FAC ¶¶ 5-7.)  Federal courts are "courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute . . . . It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994).  Thus, before the Court may address Defendants' arguments as to the remaining claims, it must consider whether Defendants have satisfied their burden to demonstrate that this action lies within the Court's jurisdiction.

"It is well settled that the Declaratory Judgment Act does not itself confer federal subject matter jurisdiction but merely provides an additional remedy in cases where jurisdiction is otherwise established."  *City of Colton v. American Promotional Events, Inc.-West*, 614 F.3d 998, 1006 (9th Cir. 2010) (internal quotation omitted).  Thus, the Declaratory Judgment Act does not provide the source of federal jurisdiction.

In general, federal question jurisdiction cannot be established when a complaint asserts only state law claims.  Under the "well pleaded complaint" rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Hall v. N. Am. Van Lines, Inc.*, 476 F.3d 683, 687 (9th Cir. 2007).  Thus, the plaintiff—as master of the complaint—"may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc. v Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987). Moreover, a defendant cannot remove an action solely "on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue" in the case.  *Id.* at 393.

There is, however a corollary to the well-pleaded complaint rule, which is known as the complete preemption doctrine.  *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1243 (9th Cir. 2009).  The doctrine "provides that Congress may so completely preempt a particular area that any civil complaint raising this select group of claims is necessarily federal in character."

---

[5] MBH's FAC also asserts that the Court has federal question jurisdiction, but solely based on the Lanham Act claim.  (FAC ¶ 11.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 14-454 DMG (RZx)** | Date | August 5, 2014 |
|---|---|---|---|
| Title | *Meribear Productions, Inc. v. Lisa Vail, et al.* | Page | 7 of 13 |

*Id.* (internal quotation omitted). "If a federal cause of action completely preempts a state cause of action, any complaint that comes within the scope of the federal cause of action necessarily 'arises under' federal law." *Id.* at 1243-44 (internal quotation and brackets omitted).

In their Notice of Removal, Defendants contend that the Copyright Act completely preempts MBH's state law causes of action. [Doc. # 1 at 3(b) & (c).] While the Ninth Circuit has not addressed this issue, the three circuits to directly address it have held that the complete preemption doctrine applies to the Copyright Act. *See Ritchie v. Williams*, 395 F.3d 283, 286-87 (6th Cir. 2005); *Briarpath, Ltd. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 303-09 (2d Cir. 2004); *Rosciszewski v. Arete Assoc., Inc.*, 1 F.3d 225, 231-33 (4th Cir. 1993). District courts in this circuit have also concluded that the complete preemption doctrine applies to the Copyright Act. *See, e.g.*, *Singh v. Nanayakkara*, No. 13-9220, 2014 WL 842774, at *3 - *5 (C.D. Cal Mar. 4, 2014); *Mattel, Inc. v. Bryant*, 441 F. Supp. 2d 1081, 1091-93 (C.D. Cal. 2005), *aff'd on other grounds*, 446 F.3d 1011 (9th Cir. 2006); *Firoozye v. Earthlink Network*, 153 F. Supp. 2d 1115, 1123-24 (N.D. Cal. 2001); *Worth v. Universal Pictures, Inc.*, 5 F. Supp. 2d 816, 821 (C.D. Cal. 1997); *Chesler/Perlmutter Prods., Inc. v. Fireworks Entm't, Inc.*, 117 F. Supp. 2d 1050, 1057 (C.D. Cal. 2001); *Dielsi v. Falk*, 916 F. Supp. 985, 993 (C.D. Cal. 1996). The Court finds the analysis in these opinions persuasive.

This is not, however, the end of the analysis. State law claims are not preempted solely on the ground that they fall within the subject matter of copyright. *Chesler/Perlmutter*, 177 F. Supp. 2d at 1057. Rather, the Court must consider whether the particular state law claims at issue are in fact preempted by the Copyright Act. If any of MBH's claims are preempted under the Copyright Act, the preempted claims are viewed as involving federal questions for the purposes of the well-pleaded complaint rule. *Firoozye*, 153 F. Supp. 2d at 1123-32. If the state law claims are not preempted, the Court lacks subject matter jurisdiction over those claims. *See id.*

**C.    MBH's State Law Claims are Preempted by the Copyright Act**

Defendants contend that all of MBH's state law claims are preempted by the Copyright Act. (Mot. at 11-24.)

Under the Copyright Act, "'the owner of copyright . . . has the exclusive rights to do and to authorize' others to display, perform, reproduce or distribute copies of the work, and to prepare derivative works." *Laws v. Sony Music Entm't, Inc.*, 448 F.3d 1134, 1137 (9th Cir. 2006) (quoting 17 U.S.C. § 106) (alteration in original). "The copyright is the right to control

the work, including the decision to make the work available to or withhold it from the public." *Id.* Section 301 of the Copyright Act contains a preemption provision that states as follows:

> On and after January 1, 1978, all legal and equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by sections 102 and 103 . . . are governed exclusively by this title. Thereafter, no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State.
>
> Nothing in this title annuls or limits any rights or remedies under the common law or statutes of any State with respect to . . . subject matter that does not come within the subject matter of copyright as specified by sections 102 and 103, including works of authorship not fixed in any tangible medium of expression. . . .

*Id.* (quoting 17 U.S.C. § 301(a) & (b)) (alterations in original).

With Section 301, Congress intended to "preempt and abolish any rights under the common law or statutes of a State that are equivalent to copyright and that extend to works, within the scope of the Federal copyright law." *Id.* (quoting H.R. Rep. No. 94-1476, at 130 (1976)). The Ninth Circuit uses a two-part test to determine whether a state law is preempted by the Copyright Act: (1) a court must determine whether "the 'subject matter' of the state law claim falls within the subject matter of copyright as described in 17 U.S.C. §§ 102 and 103"; and (2) "assuming that it does, [a court] must determine whether the rights asserted under state law are equivalent to the rights contained in 17 U.S.C. § 106, which articulates the exclusive rights of copyright holders." *Id.* at 1137-38 (internal citations omitted).

MBH asserts three state law causes of action. First, it alleges a statutory misappropriation claim under California Civil Code § 3344(a), which imposes liability on a "person who knowingly uses another's name, voice, signature, photograph, or likeness, in any manner, on or in products, merchandise, or goods, or for purposes of advertising or selling, or soliciting purchases of, products, merchandise, goods or services, without such person's prior consent . . . ."[6] Cal. Civ. Code § 3344(a). Second, MBH alleges a false advertising ("FAL")

---

[6] MBH also alleges a common law misappropriation claim, which the Ninth Circuit has recognized is functionally identical for purposes of analysis of preemption under the Copyright Act. *Laws*, 448 F.3d at 1138. Thus, the Court does not distinguish between these claims, and refers to them as "the misappropriation claims" in the analysis, *infra*.

claim under California Business & Professions Code § 17500 *et seq.* on the ground that Defendants "made untrue and misleading statements concerning the origin and ownership of both interior design work and the photographs." (FAC[7] ¶ 41.[8]) The FAL prohibits any "unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17500. Third, MBH asserts a claim under the UCL, which prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising," and any act prohibited by the FAL. Cal. Bus. & Prof. Code § 17200; *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008) (citing *Kasky v. Nike, Inc.*, 27 Cal. 4th 939, 950, 119 Cal. Rptr. 2d 296, 45 P. 3d 243 (2002)). MBH maintains that Defendants' alleged use of the photographs of MBH's design work constitutes an unlawful act insofar as the conduct violates the FAL and the Lanham Act and constitutes a misappropriation. (FAC ¶ 35.[9])

Defendants contend that MBH's claims are preempted given the facts of this case. (*See* Mot. at 11-20.)

### 1. MBH's State Law Claims Fall Within the "Subject Matter" of Copyright, 17 U.S.C. §§ 102-103

"Sections 102 and 103 of the [Copyright] Act identify the works of authorship that constitute the 'subject matter' of copyright." *Laws*, 448 F.3d at 1139. Under Section 102 "original works of authorship fixed in any tangible medium of expression . . . from which they can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device" are subject to copyright protection. 17 U.S.C. § 102(a)). "Works of authorship" under Section 102 include "pictorial, graphic, and sculptural works." *Id.* § 102(a)(5). Under the Act, "[a] work is 'fixed' in a tangible medium of expression when its embodiment in a copy or phonorecord, by or under the authority of the author, is sufficiently

---

[7] Federal jurisdiction is determined at the time of removal, and thus a court may consider only the pre-removal evidence and information in the Notice of Removal when considering whether jurisdiction is established. *See Mattel*, 441 F. Supp. 2d at 1092. In this case, however, Defendants adequately established the existence of federal question jurisdiction at the time of removal based on MBH's Lanham Act claim. Thus, it is not entirely clear whether Defendants must now establish that the Court has jurisdiction based on the complete preemption of state law claims using pre-removal evidence or the evidence currently before the Court, namely, MBH's FAC filed after removal. The allegations in the original complaint and the FAC are indistinguishable for the purpose of this analysis. In an abundance of caution, the Court cites to the FAC in the text and provides parallel citations to the original complaint in footnotes.

[8] (Compl. ¶ 39 [Doc. # 1].)

[9] (Compl. ¶ 34.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 14-454 DMG (RZx)** | Date | August 5, 2014 |
|---|---|---|---|
| Title | *Meribear Productions, Inc. v. Lisa Vail, et al.* | Page | 10 of 13 |

permanent or stable to permit it to be perceived, reproduced, or otherwise communicated for a period of more than transitory duration." *Id.* § 101. The photographs at issue in this litigation fit within the subject matter of the Act.

MBH does not dispute that the *photographs* Defendants allegedly copied are within the "subject matter" of copyright. Instead, it assumes that the *design work* reflected in the photographs, and not the photographs themselves, are the subject of the state law claims, and thus the relevant question is whether design work is subject to copyright protection. (*See* Opp'n at 4-8.) The Ninth Circuit has rejected such analysis in analogous cases. In *Laws*, the Ninth Circuit considered whether the plaintiff's recording of a song was within the "subject matter" of copyright. *Laws*, 448 F.3d at 1139-43. The plaintiff argued that state law misappropriation claims concerned the misappropriation of *her voice*, which was not within the subject matter of copyright. *Id.* The Ninth Circuit rejected this argument, holding that "it is clear that federal copyright law preempts a claim alleging misappropriation of one's voice when *the entirety of the allegedly misappropriated vocal performance is contained within a copyrighted medium*." *Id.* at 1141 (emphasis added). Similarly, in *Jules Jorgan Video, Inc. v. 144942 Canada Inc.*, the Ninth Circuit rejected the plaintiff's argument that his state law claims were based on the defendants' alleged misappropriation of his name and persona where the state law claims were based entirely on the unauthorized reproduction of a DVD *recording* of his performance. 617 F.3d 1146, 1152-53 (9th Cir. 2010). In yet another case, the Ninth Circuit explained that "[i]deas that are still purely airborne are thus not . . . within the subject matter of copyright. Once an idea has been written down or otherwise recorded, however, we have recognized that it satisfies the Copyright Act's writing requirement because it is fixed in a tangible medium." *Montz v. Pilgrim Films & Television, Inc.*, 649 F.3d 975, 979 (9th Cir. 2011) (citation omitted).

Here, MBH's state law causes of action are entirely predicated on design work *as fixed in photographs*.[10] (*See, e.g.* FAC ¶ 1[11] ("The form Vail's misappropriation takes is primarily the misuse of photographs of MBH's interior design work, which Vail has wrongfully claimed as her own, publishing photographs of the design work on various websites and representing it as her own.").) Because the interior design ideas have been "written down or otherwise recorded," they are fixed in a tangible medium and within the subject matter of copyright.

---

[10] As the Court determines that MBH's state law claims are preempted by the Copyright Act, it need not consider whether state law misappropriation claims can be predicated on the alleged imitation of inanimate design. (*See* Opp'n at 17-20.)

[11] (Compl. ¶ 2.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 14-454 DMG (RZx)** | Date | August 5, 2014 |
|---|---|---|---|
| Title | *Meribear Productions, Inc. v. Lisa Vail, et al.* | Page | 11 of 13 |

### 2. MBH's State Law Claims Assert Rights That Are "Equivalent" to Copyright

The second prong of the preemption test considers whether the rights asserted under California law "are equivalent to the rights protected under the Copyright Act." *Laws*, 448 F.3d at 1143. The Ninth Circuit has described the relevant test as follows:

> To satisfy the "equivalent rights" part of the preemption test . . . the . . . alleged misappropriation . . . must be equivalent to rights within the general scope of copyright as specified by section 106 of the Copyright Act. Section 106 provides a copyright owner with the exclusive rights of reproduction, preparation of derivative works, distribution, and display. To survive preemption, the state cause of action must protect rights which are qualitatively different from the copyright rights. The state claim must have an extra element which changes the nature of the action.

*Id.* (internal quotation omitted).

Thus, "[t]he mere presence of an additional element" does not save a claim from preemption, but rather, "[t]he extra element must *transform the nature of the action*." *Id.* at 1144 (emphasis added).

With respect to its misappropriation claims, MBH contends that, unlike a copyright claim, misappropriation claims protect "knowing" "use" of design ideas, which is distinct from copying. (Opp'n at 9-10.)

The Ninth Circuit rejected a nearly identical argument in *Laws*. There, the plaintiff also asserted a statutory misappropriation claim and identified "use for a commercial purpose" as the additional element in the claim. *See Laws*, 448 F.3d at 1144 (internal quotation marks omitted). Specifically, the plaintiff argued that the *use* of her voice, as opposed to the copying of the recording of her voice, was at issue. *Id.* The Ninth Circuit disagreed, concluding that the plaintiff's claims were premised on the idea that the defendant had reproduced a recording of her voice for commercial purposes without the plaintiff's permission. *Id.* Thus, while the elements of the state law claim were not identical to the elements in a copyright claim, "the underlying nature of [the plaintiff's] state law claims is part and parcel of a copyright claim."[12] *Id.*

---

[12] Moreover, as Defendants note, the Copyright Act provides for additional damages based on the defendant's *mens rea*. *See* 17 U.S.C. § 504(c)(2) (allowing court in its discretion to award additional damages based on willful infringement).

The same analysis applies here. While MBH contends that the misappropriation claims protect its right to "use" certain interior design ideas, the premise of its claims is that Defendants *reproduced* various photographs depicting the design ideas for commercial purposes and without MBH's permission. Thus, the "underlying nature" of the statutory misappropriation claim is "part and parcel of a copyright claim." *Id.*

With respect to MBH's FAL claim, MBH contends that the claim requires proof of a likelihood or tendency to deceive the public, which is not an element of a copyright claim. Here too, the additional element fails to transform the nature of the claim. The FAL claim is premised on MBH's allegation that Defendants copied and displayed photographs of MBH's design work, thereby tending to deceive the public into believing that the photographs represented Defendants' work. As with the misappropriation claims, the underlying nature of the claim is part and parcel of a copyright claim.

Finally, with respect to MBH's UCL claim, MBH contends that the claim requires proof of "reverse palming off," which is not an element in copyright claims. (Opp'n at 11.) MBH is again mistaken. MBH's UCL claim is premised on the allegations that Defendants presented MBH's intellectual property as their own. For the same reasons that the Supreme Court in *Dastar* held that the plaintiffs could not bring a reverse passing off claim under Section 43(a) of the Lanham Act because the claim fell squarely within the protections of copyright law, MBH's UCL claim is "part and parcel of a copyright claim."[13] Indeed, MBH's UCL claim is asserted under the "unlawful" prong of the UCL and predicated on a violation of the Lanham Act or a violation of the state laws discussed *supra*. (*See* FAC ¶ 34.[14]) For the same reasons MBH's other claims are barred or preempted, so too is its UCL claim.

Accordingly, Defendants' motion to dismiss is **GRANTED** as to the state law claims.

---

[13] MBH's citation to *Summit Mach. Tool Manufacturing Corp. v. Victor CNC Systems, Inc.*, is unavailing because the Ninth Circuit assumed in that case that a reverse palming off claim under Section 43(a) was actionable—as did every other circuit to consider the issue before *Dastar* (*see Dastar*, 539 U.S. at 29-30). 7 F.3d 1434, 1441-42 (9th Cir. 1993). The *Summit* court noted that the resolution of the plaintiff's reverse palming off claim "turns on the same considerations as the resolution of [the plaintiff's] reverse palming off claim under the Lanham Act." *Id.* at 1442.

[14] (Compl. ¶ 34.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 14-454 DMG (RZx)** | Date | August 5, 2014 |
|---|---|---|---|
| Title | *Meribear Productions, Inc. v. Lisa Vail, et al.* | Page | 13 of 13 |

MBH's declaratory relief claim merely seeks a declaration as to "whether Defendants have the right to use Plaintiff's images" on various websites (FAC ¶ 50[15]), and thus is indistinguishable from MBH's state law claims preempted by the Copyright Act. Thus, the claim for declaratory relief is dismissed.

## IV.
## CONCLUSION

In light of the foregoing, Vail's motion is **GRANTED** in part and **DENIED** in part as follows:

1. Defendants' motion is **GRANTED** insofar as MBH's claim under Section 43(a) of the Lanham Act is barred by *Dastar*;

2. Defendants' motion is **GRANTED** insofar as MBH's common law misappropriation, statutory misappropriation, FAL, UCL, and declaratory relief claims are preempted by the Copyright Act;

3. Defendants' motion is otherwise **DENIED** as moot; and

4. MBH may file an amended complaint, or notify Defendants that it does not intend to amend the Complaint, within 21 days from the date of this Order; and

5. Defendants shall have 21 days from the filing and service of any amended complaint to file their response.

**IT IS SO ORDERED.**

---

[15] (Compl. ¶ 49.)