UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 14-0454 DMG (RZx)** | Date | August 11, 2015 |
| Title | *Meribear Productions Inc., et al. v. Lisa Vail, et al.* | Page | 1 of 8 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE [57, 58]**

On December 15, 2014, Plaintiffs Meribear Productions, Inc. dba Meridith Baer Home ("MBH") and Meridith Baer filed a Third Amended Complaint ("TAC") against Defendants Lisa Vail and Lisa Vail Design ("LVD") asserting the following causes of action:  (1) service mark infringement, false designation of origin, passing off, false advertising, false endorsement, and unfair competition pursuant to 15 U.S.C. § 1125(a); (2) common law service mark infringement, false designation of origin, passing off, false advertising, false endorsement, and unfair competition; (3) unfair competition, false designation of origin, and false advertising, pursuant to Cal. Bus. & Prof. Code §§ 17200 and 17500 *et seq.*; (4) misappropriation of right of publicity, pursuant to Cal. Civ. Code § 3344 and California common law; (5) an accounting; and (6) copyright infringement in violation of 17 U.S.C. § 501 *et seq.*  [Doc. # 56.]

On December 29, 2014, Defendants filed a motion to strike the state law claims under California's anti-SLAPP statute and a motion to dismiss the federal claims in the TAC.  [Doc. ## 57, 58.]  On January 16, 2015, Plaintiffs filed oppositions to both motions.  [Doc. ## 59, 60].

**I.
FACTUAL BACKGROUND**

MBH provides professional interior design, home staging, and luxury leasing services.  (TAC ¶ 11.)  Its services have been featured on the television shows *Selling L.A.* and *Staged to Perfection*.  (*Id.*)  Meridith Baer is the principal of MBH and makes her living, in significant part, from being a public personality.  (*Id.* ¶¶ 11, 13.)  Plaintiffs have been profiled and interviewed in countless newspaper, magazine, television, and other media outlets, including *Forbes*, *Hollywood Reporter*, *Los Angeles Times*, *New York Times*, *Wall Street Journal*, ABC, NBC, CBS, and Discovery Channel.  (*Id.* ¶ 13.)

In addition to over 100 full-time employees, MBH hires independent contractors called "stagers" or "designers" to assist with various staging projects and installations.  (*Id.* ¶ 15.)  They are responsible for looking at an MBH client's property, figuring out what the client's needs are

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 14-0454 DMG (RZx)** | Date | August 11, 2015 |
| Title | *Meribear Productions Inc., et al. v. Lisa Vail, et al.* | Page | 2 of 8 |

and what furnishings could best showcase the property, tagging inventory at MBH's warehouse to place in the property, and overseeing the installation of that inventory at the property. (*Id.*) The stager typically directs the MBH crew where to put things in the property, takes photographs of and documents in writing what was left at the property, and sends the photographs and inventory list to MBH before getting paid for the job. (*Id.*) Stagers are not allowed to make purchases for the project without express written permission from MBH. (*Id.*) Vail was one such stager. (*Id.* ¶¶ 16-18.) After Vail allegedly failed to perform her duties competently, she was terminated. (*Id.* ¶ 18.)

On the "Home" page of Defendants' website www.lisavaildesign.com, Defendants state the following: "Latest News: Lisa Vail Featured on HGTV's *Staged to Perfection*." (*Id.* ¶ 20.) The "Home" page also features two photographs purporting to show jobs done by Defendants. (*Id.* ¶ 21.) On the "Work" page, Defendants display nine photographs of the interiors or exteriors of homes.[1] (*Id.* ¶ 22.) Underneath each photograph, Defendants state, without Plaintiffs' permission, that it was "staged through Meridith Baer Home." (*Id.* ¶¶ 22, 23.)

On the website's "Press" page, Defendants make reference to a RESA Home Staging Convention at which Vail gave a presentation in 2014. (*Id.* ¶¶ 24, 25.) By clicking on the link, one can eventually find a link to Defendants' promotional reel on YouTube, which features jobs that Vail performed for MBH. (*Id.* ¶ 25.) Vail's biography on the RESA website also contains references to work performed for Plaintiffs as well as the shows *Staged to Perfection* and *Selling L.A.* (*Id.* ¶¶ 26, 27.)

The "Press" page also contains six embedded videos, some of which show clips from episodes of *Staged to Perfection* and *Selling L.A.* (*Id.* ¶ 28.) The clips from *Staged to Perfection* feature Baer, Baer's voice, MBH's offices with a MERIDITH BAER HOME[2] sign, Baer's signature, a MERIDITH BAER HOME-signed truck, and MBH employees. (*Id.* ¶¶ 28, 29.) These clips present this work as Defendants' and do not give credit to Plaintiffs. (*Id.*) Moreover, Defendants did not obtain permission to use these clips for promotional purposes. (*Id.* ¶ 28.) In one of the videos, Vail refers to MBH clients as "clients of mine." (*Id.* ¶ 30.) At the bottom of the "Press" page are five photographs of print pieces that indicate MBH staging jobs—not Defendants' jobs. (*Id.* ¶ 31.)

---

[1] Plaintiffs attached the photographs as Exhibit A to their Complaint. The photographers of each of the photographs have assigned their copyrights in these photographs to MBH. (*Id.* ¶ 37.) In addition, MBH has filed applications with the U.S. Copyright Office to register the copyrights in all of these photographs, paid the necessary fees in connection therewith, and made the necessary deposits with the Library of Congress. (*Id.* ¶ 38.)

[2] MBH offers its services under the mark MEREDITH BAER HOME, which has been in continuous use in commerce since 1998. (*Id.* ¶ 36.) The mark has come to be associated in the minds of consumers with MBH, and with no other person, business, or entity in MBH's industry and is of allegedly incalculable value to MBH. (*Id.*)

The "About" page allegedly also contains misrepresentations about Vail's work experience at MBH, including how she got the job at MBH, the nature of the work as "custom work," and her termination. (*Id.* ¶ 32.) At the bottom of the page is a "Featured on Houzz" link. (*Id.* ¶ 33.) The photographs purporting to be Defendants' projects are MBH jobs. (*Id.*) Some use the MEREDITH BAER HOME service mark. (*Id.*)

Finally, Defendants' Facebook page also includes examples of MBH jobs without giving credit to MBH. (*Id.* ¶ 34.)

## II.
## MOTION TO STRIKE

Defendants contend that under California's anti-SLAPP law, Plaintiffs' state law claims should be stricken for the following reasons: (1) Baer is a famous individual, and therefore the present action arises "in connection with a public issue"; and (2) Vail has a personal free speech right to her artistic work and a commercial free speech right to "propose transactions." (Mot. to Strike at 9-10).

"The anti-SLAPP statute [] allows a court to strike any cause of action that arises from the defendant's exercise of his or her constitutionally protected rights of free speech or petition for redress of grievances." *Flatley v. Mauro*, 39 Cal. 4th 299, 311-12, 46 Cal. Rptr. 3d 606 (2006) (citing Cal. Civ. Proc. Code § 425.16(b)(1)). Resolution of an anti-SLAPP motion "requires the court to engage in a two-step process." *Jarrow Formulas, Inc. v. LaMarche*, 31 Cal. 4th 728, 733, 3 Cal. Rptr. 3d 636 (2003).

> First, the court decides whether the defendant has made a threshold showing that the challenged cause of action is one arising from protected activity. The moving defendant's burden is to demonstrate that the act or acts of which the plaintiff complains were taken "in furtherance of the [defendant]'s right of petition or free speech under the United States or California Constitution in connection with a public issue," as defined in the statute.

*Id.* (quoting Cal. Civ. Proc. Code § 425.16(b)(1)). "If the court finds such a showing has been made, it then determines whether the plaintiff has demonstrated a probability of prevailing on the claim." *Jarrow Formulas*, 31 Cal. 4th at 733 (internal quotation marks omitted).

"Only a cause of action that both arises from protected speech or petitioning *and* lacks even minimal merit is a SLAPP subject to the special motion to strike." *Found. for Taxpayer & Consumer Rights v. Garamendi*, 132 Cal. App. 4th 1375, 1389, 34 Cal. Rptr. 3d 368 (2005)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 14-0454 DMG (RZx)** | Date | August 11, 2015 |
|---|---|---|---|
| Title | *Meribear Productions Inc., et al. v. Lisa Vail, et al.* | Page | 4 of 8 |

(emphasis in original); *see also Navellier v. Sletten*, 29 Cal. 4th 82, 89, 124 Cal. Rptr. 2d 530 (2002).

To bring an anti-SLAPP motion under Section 425.16(e)(3)-(4), "the moving party must show the statements were made in connection with a public issue or an issue of public interest." *Albanese v. Menounos*, 218 Cal. App. 4th 923, 929, 160 Cal. Rptr. 3d 546 (2013) (internal quotation marks omitted). The statute does not contain a definition of "public issue" or "public interest" as "no standards are necessary because judges and attorneys will, or should, know a public concern when they see it." *D.C. v. R.R.*, 182 Cal. App. 4th 1190, 1214-15, 106 Cal. Rptr. 3d 399 (2010) (internal citations and brackets omitted).

Rather than argue that the current matter is connected to a "public issue," Defendants categorically contend, citing *No Doubt v. Activision Publ'g, Inc.*, 192 Cal. App. 4th 1018, 122 Cal. Rptr. 3d 397 (2011), that fame alone satisfies the "public interest" requirement. (Mot. to Strike at 10) ("[C]elebrity status alone satisfies anti-SLAPP 'issue of public interest' requirement."). Even in cases involving a celebrity, however, there must be some evidence that the celebrity is involved in a "public controversy or that [the celebrity's] fame is *so great* that her involvement in this private dispute is a matter of public interest." *Albanese*, 218 Cal. App. 4th at 937 (emphasis added). Defendants do not argue that the present dispute is of interest to the public. Moreover, Baer's fame is not so great as to make her involvement in a private dispute the subject of public interest.

Therefore, Defendants have failed to demonstrate that their alleged infringement was in connection with a matter of "public interest." Because Defendants have failed to meet their burden of showing that the challenged cause of action is one arising from protected activity, Defendants' anti-SLAPP motion to strike is **DENIED**.

## III.
## MOTION TO DISMISS

### A. Legal Standard

The Court previously articulated the standard for a motion to dismiss and need not repeat it here. (*See* August 5, 2014 Order Re Defendants' Motion to Dismiss at 2-3 [Doc. # 32].)
///
///
///
///
///
///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 14-0454 DMG (RZx)** | Date | August 11, 2015 |
|---|---|---|---|
| Title | *Meribear Productions Inc., et al. v. Lisa Vail, et al.* | Page | 5 of 8 |

**B.     Discussion**

    **1.     Copyright Claim**

Defendants contend that Plaintiffs' copyright claim fails because (1) Vail has a copyrightable interest in the home staging work that she performed; (2) Plaintiffs lack standing; and (3) Plaintiffs have not sufficiently alleged damages.

        **a.     Copyrightable Interest**

Defendants argue that if Vail has a copyrightable interest in the home staging work that she performed, then the photographs are derivative, and Defendants cannot be sued by the holder of the inferior rights.[3] In a prior order, however, the Court found that Plaintiffs' claims are entirely predicated on "design work *as fixed in photographs*." (*See* August 5, 2014 Order at 10 (emphasis in original).) The Court explained that, because the entirety of the allegedly misappropriated design work is contained within the photographs, a copyrighted medium, the underlying design work was not within the "subject matter" of copyright and thus not subject to protection under the Copyright Act. (*Id.*) By the same token, Defendants' argument that Vail has a copyrightable interest in the home staging work that *she* performed is unavailing.

        **b.     Standing**

Defendants further contend that Plaintiffs lack standing to sue under the Copyright Act because they lacked a valid copyright registration or, at minimum, a complete application for registration at the time they sued for copyright infringement. *See* 17 U.S.C. § 411(a).

It is undisputed that Plaintiffs lack valid copyright registrations. In order to sue under the Copyright Act in the Ninth Circuit, however, a plaintiff must show (1) an application, (2) payment of the necessary fees, and (3) the necessary deposits with the Library of Congress. *See Cosmetic Ideas, Inc. v. IAC/Interactivecorp.*, 606 F.3d 612, 621 (9th Cir. 2010) (adopting application approach); *see also Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 130 S. Ct. 1237, 176 L. Ed. 2d 18 (2010) (Section 411(a)'s registration requirement does not restrict a federal court's subject matter jurisdiction). Plaintiffs have alleged that they have "filed applications with

---

[3] In support of this argument, Defendants rely on *Garcia v. Google*, which held that the plaintiff, an actress, could have an independent copyrightable interest in her performance in a film apart from the copyright in the film itself. 766 F.3d 929, 933-34 (9th Cir. 2014). On rehearing *en banc*, however, the Ninth Circuit reversed this decision, finding that it was unlikely that the plaintiff would be able to show that her performance in the film was a "work" or to meet the copyright requirements of authorship and fixation, particularly since she played no role in fixation. *Garcia v. Google*, 786 F.3d 733, 740-44 (9th Cir. 2015) (*en banc*). This Court's decision in its prior Order is consistent with the Ninth Circuit's recent holding.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 14-0454 DMG (RZx)** | Date | August 11, 2015 |
|---|---|---|---|
| Title | *Meribear Productions Inc., et al. v. Lisa Vail, et al.* | Page | 6 of 8 |

the U.S. Copyright Office to register the copyrights in all of these photographs, paid the necessary fees in connection therewith, and made the necessary deposits with the Library of Congress." (*See* TAC ¶ 38.) Thus, Plaintiffs have satisfied the prerequisite to sue for infringement of their copyrights in the photographs.

### c. Damages

Finally, Defendants argue that Plaintiffs have failed to sufficiently allege harm as a result of Defendants' conduct. Defendants contend that, although Plaintiffs have asserted that they have been harmed, they have failed to allege facts sufficient to state a plausible claim for damages because Defendants took down the disputed photographs from their website 72 hours after Plaintiffs notified Defendants of their claims. Plaintiffs also plead, however, damage to their business, goodwill, and property, among other things. *See, e.g.*, *Swift Bros. v. Swift & Sons*, 921 F. Supp. 267, 276 (E.D. Pa. 1995) ("[T]here is no requirement to plead damages with specificity"); *see also City & County of San Francisco v. Tutor-Saliba Corp.*, 2005 U.S. Dist. LEXIS 46590, at *50 (N.D. Cal. Mar. 17, 2005). Although these damages are likely to be difficult to prove, Plaintiffs have nonetheless properly pleaded an injury-in-fact.

Accordingly, Defendants' motion to dismiss Plaintiffs' copyright claim is **DENIED**.

### 2. Attorney's Fees

Defendants also contend that Plaintiffs' claim for attorney's fees should be stricken. Under Federal Rule of Civil Procedure 12(f), a district court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi–Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (citation omitted). Motions to strike are "generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." *N.Y. City Employees' Ret. Sys. v. Berry*, 667 F. Supp. 2d 1121, 1128 (N.D. Cal. 2009) (quoting *Neilson v. Union Bank of California, N.A.*, 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003)). "Such motions should only be granted if 'the matter has no logical connection to the controversy at issue *and* may prejudice one or more of the parties to the suit.'" *Id.* (quoting *Rivers v. County of Marin*, No. 05-4251, 2006 WL 581096, at *2 (N.D. Cal. Mar. 7, 2006)).

The Lanham Act, as discussed *infra*, may allow for the recovery of attorney's fees pursuant to 15 U.S.C. § 1117(a). Defendants have not demonstrated any prejudice they will suffer due to the continued inclusion of a request for attorneys' fees.

Accordingly, Defendants' motion to strike/dismiss Plaintiffs' claim for attorney's fees is **DENIED**.

### 3. Lanham Act Claims

Defendants argue that Plaintiffs' Lanham Act claims should be dismissed because (1) they are barred by *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 123 S. Ct. 2041 (2003), for reasons previously articulated by this Court; and (2) Plaintiffs fail to specifically point to the misleading statements that would give rise to a Lanham Act violation.

In its prior order, the Court discussed the Supreme Court's holding in *Dastar*, which concluded that "origin of goods" refers to "the producer of the *tangible product* sold in the marketplace" and that, as a result, any claim that Defendants appropriated the ideas, concepts, and communications embodied in the tangible good had to be brought under copyright law. (August 5, 2014 Order at 4.)

Plaintiffs' Complaint alleged a Lanham Act violation arising from "Defendant's [mis]representation that the design work" was her own. (Compl. ¶ 45.) It was therefore clear that the underlying cause of action was based on the violation of Plaintiffs' alleged copyrighted design work rather than its service mark. Accordingly, this Court reasoned that

> [w]hile photographs—like the copies of the original series in *Dastar*—are arguably tangible goods, MBH is concerned about the intellectual content embodied in the photographs, that is, the original and creative selection and placement of furniture and other design elements.

(August 5, 2014 Order at 5.)

In the TAC, however, Plaintiffs specifically allege that five of the video clips featured on Defendants' website display the "Meridith Baer Home" service mark. (TAC ¶¶ 28–29.) The current iteration of the claim therefore concerns the misleading use of Plaintiffs' service mark rather than infringement of copyrighted work. (*See* TAC ¶ 43.) Plaintiffs' claim thus falls within the scope of the Lanham Act. *See, e.g.*, *TrafficSchool.com, Inc. v. Edriver Inc.*, 653 F.3d 820, 826 (9th Cir. 2011); *Waits v. Frito-Lay, Inc.*, 978 F.2d 1093 (9th Cir. 1992); *see also* 15 U.S.C. § 1127 ("The intent of this chapter is to regulate commerce within the control of Congress by making actionable the deceptive and misleading use of marks in such commerce . . . .")

Therefore, Defendants' motion to dismiss Plaintiffs' Lanham Act claims is **DENIED**.

///

# IV.
# CONCLUSION

In light of the foregoing, Defendants' motions to dismiss the federal claims and to strike the state law claims are **DENIED**.  Defendants shall file an Answer within 15 days from the date of this Order.

**IT IS SO ORDERED.**